**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1361-17T1
     A-4119-17T1

JASON FAIRCHILD,

  Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

  Respondent-Respondent.

_____

WILLIAM MCELREA,

  Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

  Respondent-Respondent.

_____

Argued September 16, 2019 – Decided November 25, 2019

Before Judges Sabatino, Sumners and Geiger.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, Docket Nos. 3-100279 and 3-93959.

Timothy J. Prol argued the cause for appellants (Alterman & Associates, LLC, attorneys; Stuart J. Alterman, of counsel; Arthur J. Murray and Timothy J. Prol, on the briefs).

Amy Chung, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Amy Chung, on the briefs).

PER CURIAM

In these two appeals that have been consolidated due to their common issues, petitioners Jason Fairchild and William McElrea contend the Board of Trustees (Board), Police and Firemen's Retirement System (PFRS), misinterpreted N.J.S.A. 43:16A-5(3) in its final agency decision, denying their applications for twenty-year service retirement pension benefits (early service retirement pension). The Board determined that since petitioners were not PFRS members at the time of the statute's January 18, 2000 effective date, they were not eligible for the benefits. Because the Board's decision is consistent with our recent opinion in Tasca v. Bd. of Trs., Police & Firemen's Ret. Sys., 458 N.J.

Super. 47 (App. Div. 2019), which was issued after the agency's determination, we conclude there is no merit to petitioners' arguments and therefore affirm.

I

For purposes of our opinion, we need not detail the entire procedural backdrop of petitioners' applications for early service retirement benefits. We do, however, briefly discuss their PFRS membership, their service credits, and the pertinent administrative actions that are crucial to our decision.

Fairchild

Fairchild enrolled as a member of PFRS on May 1, 2005, upon his employment with the County of Morris as a corrections officer. His membership in PFRS continued following his appointment that year as a police officer with the Milburn Township Police Department, effective August 1. The next year, he purchased eight years and four months of military and federal service credit towards his PFRS account.

On January 26, 2017, Fairchild applied for early service retirement benefits to be effective July 1, when he would have twenty years and six months of service credit in his PFRS account. After the Department of the Treasury, Division of Pensions and Benefits (the Division), denied his application, he appealed to the Board. On October 17, the Board issued its final agency decision

3

denying his application because he was not a member of PFRS on January 18, 2000, when N.J.S.A. 43:16A-5(3), authorizing early retirement pension benefits, took effect.

McElrea

McElrea enrolled as a member of PFRS on February 2, 2002, upon his employment with the Township of Hamilton as a police officer. At the end of that same year, he purchased four years and ten months of military service credit towards his PFRS account. In March 2006, he was authorized to purchase seven months of uncredited service towards his PFRS account.

On May 19, 2016, McElrea applied for early retirement pension benefits to be effective January 1, 2017, when he would have twenty-one years and four months of service credit in his PFRS account. The Division notified him he was ineligible for regular or early retirement pension benefits as of January 1, 2017, his sought-after retirement date.

On April 19, 2017, McElrea refiled for early retirement pension benefits effective April 1, 2018. The Division advised him he was ineligible to retire with pension benefits as of that date. Administrative appeals thereafter resulted in the Board's final agency decision on April 10, 2018, denying his application

because he was not a member of PFRS on January 18, 2000, when N.J.S.A. 43:16A-5(3) authorizing early retirement pension benefits took effect.

## II

Petitioners acknowledge their appeals mirror the arguments that this court addressed less than a year ago in Tasca, with the exception of the argument[1] that "N.J.S.A. 43:16A-5(2)(b) grants a 20-year retirement for service regardless of PFRS enrollment date, age, or transfer."

In Tasca, we concluded that because the petitioner was not a PFRS member as of the January 18, 2000 effective date of N.J.S.A. 43:16A-5(3), she was not eligible for the early retirement pension benefits. 458 N.J. Super. at 56-58.[2] Nevertheless, petitioners assert this panel should disagree with the panel that decided Tasca, so the issue can be heard and resolved by our Supreme Court.[3]

---

[1] On October 3, 2019, following oral argument, we granted petitioners' motion to file a supplemental brief to allow them to present an argument that was not raised before the Board.

[2] Although Tasca was decided after the Board rendered its final agency decisions that are in question here, we see no value in remanding these matters for the Board to reconsider their decisions, as they are consistent with Tasca.

[3] The petitioner in Tasca did not file a petition of certification seeking relief with our Supreme Court.

A-1361-17T1

In particular, petitioners urge that our interpretation of N.J.S.A. 43:16A-5(3) is incorrect and inconsistent with the legislative and executive intent of the statute. They claim the statute was designed to make the retirement and survivors benefits of PFRS comparable, to the extent possible, to the benefits under the State Police Retirement System (SPRS), which includes a twenty-year service retirement option. N.J.S.A. 53:5A-8(b), which governs the SPRS, provides:

> b. Any member of the retirement system may retire on a service retirement allowance upon the completion of at least 20 years of creditable service [in the retirement system].

Petitioners also cite the sponsor's statement accompanying the bill, which became N.J.S.A. 43:16A-5(3), to support their reading of the statute. The statement provides:

> This bill would allow a member retiring after 20 years of creditable service to receive a total retirement allowance of 50% of final compensation. In addition, a member of the system as of the effective date of this bill would be entitled to a retirement allowance of 50% of final compensation plus an additional 3% of final compensation for every additional year of creditable service up to 25 years.
>
> Statement to A2328/S 1742, 208th Legislature Regular Session, 1998.

A-1361-17T1

Petitioners further point to an August 4, 2014 letter to the Director of Division of Pensions by State Senator Diane Allen, a bill sponsor, that purportedly clarifies the bill's language. She wrote: "The decision of the Division to interpret the law so that it applies only to PFRS members who were in the system on January 18, 2000 and not to any person who enrolled thereafter is incorrect." They also rely on a newspaper article, which was written contemporaneously with the passage of the legislation that became N.J.S.A. 43:16A-5(3), titled "Early retirement OK'd for cops, firefighters."

Petitioners maintain that if the statute is interpreted to prohibit early retirement pension benefits for all but those who were PFRS members prior to the statute's effective date, there would be no point of an interfund service credit transfer if a member does not get credit in the new retirement system for the time they transfer.

Lastly, petitioners contend that barring any PFRS member who became enrolled after January 18, 2000 from early retirement pension benefits yields an absurd result of making the application of N.J.S.A. 43:16A-5(3) obsolete because with all the pre-January 18, 2000 PFRS members already retired, every new member after that date would not be able to retire after twenty years of

service. If it was intended to exclude every enrollee after January 18, 2000 the statute would have stated so.

For the same reasons that we expressed in Tasca, we discern no merit to petitioners' contention that N.J.S.A. 43:16A-5(3) is ambiguous in stating who is entitled to early service retirement benefits and therefore we need to look to the statute's legislative history to determine eligibility for the benefits. In pertinent part, N.J.S.A. 43:16A-5(3), provides:

> Any member of the retirement system as of the effective date of P.L. 1999, c. 428 who has 20 or more years of creditable service at the time of retirement shall be entitled to receive a retirement allowance equal to 50% of the member's final compensation . . . .
>
> [(Emphasis added).]

The statute's effective date is January 18, 2000. L. 1999, c. 428, § 2.

In applying our well-settled statutory rules of construction, we succinctly held in Tasca:

> [I]t is obvious that the Legislature chose not to use the term "enrollment date" as the trigger for determining eligibility for early retirement pension benefits. N.J.S.A. 43:16A-5(3) states that an individual must be a member of PFRS on January 18, 2000, to qualify for early retirement pension benefits. We have no doubt that the Legislature was familiar with the ability of a person to purchase and transfer time from another pension system to his or her PFRS membership, as noted above. The Legislature unambiguously limited

the class of PFRS members who are eligible to take advantage of early retirement pension benefits, perhaps for fiscal or budgetary reasons. Thus, we discern no reason to read the statute contrary to its plain and clear meaning that a person had to be a PFRS member on January 18, 2000, to be eligible for early retirement service pension benefits.

[Tasca, 458 N.J. Super. at 58.]

We emphasized in Tasca that we should give deference to the Board's ruling that the petitioner was ineligible for early service retirement benefits because under its interpretation of N.J.S.A. 43:16A-5(3), despite having transferred her the requisite service credit from the Public Employees Retirement system to PFRS, she was not a PFRS member on January 18, 2000.

Considering our assessment that the plain language of N.J.S.A. 43:16A-5(3) requires the denial of early service retirement benefits, we need not address petitioners' argument that the statute's legislative history and a sponsor's letter demonstrate that they are entitled to the benefits because as long as they possess the required service credits they need not be a PFRS member on January 18, 2000. We only look outside the plain language of a statute if "it [is] ambiguous . . . or leads to an absurd result." Tasca, 458 N.J. at 56 (quoting Tumpson v. Farina, 218 N.J. 450, 467-68 (2014)). We did not conclude the statute's language is ambiguous in providing that a person must be a PFRS member by a certain

9

date to be eligible for early service retirement benefits, nor did we conclude the Board's reasoning created an absurd result because perhaps there were budgetary reasons at the time the statute was enacted to limit those eligible to retire. Id. at 58.

That said, we find nothing in the legislative history cited by petitioners, which supports their interpretation of the N.J.S.A. 43:16A-5(3) and eligibility for early service retirement benefits. And as for the letter by Senator Allen, we agree with the Division that it serves no purpose in interpreting a statute. Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 390 (2016) (finding that sponsor statements not affixed to a bill are "unofficial statements of individual legislators, which 'are not generally considered to be a reliable guide to legislative intent,' because they 'tell us only what the speaker . . . believed' and 'nothing about what the Legislature meant by the words it chose to include in the amendment.'") (citations omitted); Quality Health Care v. N.J. Dep't of Banking & Ins., 358 N.J. Super. 123, 129 (App. Div. 2003) (holding "post-enactment statements of legislators as extrinsic evidence of legislative intent are disapproved, in contrast to contemporaneous sponsor statements, because they are of limited legal relevance or value.") (citation omitted).

Had the Legislature disagreed with the Board's long-standing interpretation of N.J.S.A. 43:16A-5(3), which we approved in Tasca, it has yet to revise the statute to conform to petitioners' sought-after interpretation. See Haines v. Taft, 237 N.J. 271, 294-95 (2019) (Albin, J., dissenting).

As for petitioners' supplemental argument, we find it lacking in sufficient merit to warrant discussion in a written opinion. R. 2:11–3(e)(1)(E).

In short, we stand by our decision in Tasca, which applies here, and have no issue with the Board's denial of early service retirement benefits to petitioners.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION